JS-6     O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1918 AHM (DTBx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | JOAN SINGH, et al. v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Kendra Bradshaw | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On September 3, 2010, plaintiffs Joan Singh and Dempers Sims ("Plaintiffs") filed an action in state court alleging various causes of action in connection with real property located in Murrieta, California.  The complaint named the Federal National Mortgage Association ("FNMA") among other defendants.  On December 13, 2010, FNMA and another defendant, BAC Home Loans Servicing, LP ("BAC"), (collectively "Defendants") removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996).  Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).  The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal. 2001).

Defendants assert diversity of citizenship exists, alleging "[o]n information and belief" that Plaintiffs are citizens of California.  It further alleges BAC is a citizen of Texas and FNMA "is a federally chartered corporation with its principal place of business in the District of Columbia."  Notice of Removal ("NOR") p. 3.

Defendants' allegations regarding Plaintiffs' citizenship are defective.  First, an

JS-6    O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1918 AHM (DTBx) | | Date | January 13, 2011 |
|---|---|---|---|---|
| Title | JOAN SINGH, et al. v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al. | | | |

allegation of citizenship on information and belief alone is insufficient to establish removal jurisdiction. *Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 526-27 (N.D. Cal. 1963). Second, the complaint alleges only that Plaintiffs were residents of the County of Riverside; Plaintiffs do not allege they are (or were at the time they filed their complaint) citizens of California. Compl. ¶ 1, attached as Exh. A. to NOR. A complaint alleging only residence but not domicile or citizenship cannot be removed on the basis of diversity jurisdiction. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005) ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's residency, not his citizenship, and certainly not his citizenship s of the filing of the complaint. . . . Thus, the case was not removable on the basis of the initial pleading.").

Although the Court need not reach the issue of the FNMA's citizenship, it notes that "[c]orporations incorporated under federal law are not 'citizens of a State' and therefore cannot be parties to diversity actions . . . at least where their operations are not confined to a single state." William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2010) § 2:317; *Hancock Fin'l Corp. v. Federal Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (affirming district court's dismissal of case for lack of subject matter jurisdiction and "hold[ing] that because the FSLIC is an agency and instrumentality of the federal government it is not a citizen of any particular state for diversity purposes"); *see also Fed. Nat'l Mortg. Assoc. v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) ("We express doubt whether FNMA can sue or be sued on the basis of diversity jurisdiction.").

Accordingly, the Court ORDERS, on its own motion, that this action be remanded to Riverside County Superior Court for lack of jurisdiction.

_____ : _____

Initials of Preparer       KB